UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KATHLEEN A. VALENTI,

                            Plaintiff,

      - v -                                                  Civ. No. 1:19-CV-530
                                                                     (LEK/DJS)

OFFICER MCDONALD, EMT 1 MALE,
EMT 2 FEMALE,

                            Defendants.
_____

APPEARANCES:                                    OF COUNSEL:

KATHLEEN A. VALENTI
Plaintiff, *Pro Se*
P.O. Box 194
7 Park Street
Stockbridge, MA 01262

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION AND ORDER

      The Clerk has sent for review a civil Complaint filed by Plaintiff *pro se* Kathleen Valenti. Dkt. No. 1, Compl. Plaintiff has not paid the filing fee, but instead submitted a Motion to Proceed *in forma pauperis* ("IFP"). Dkt. No. 2, IFP App. By separate Order, this Court granted Plaintiff's application to proceed IFP. Now, in accordance with 28 U.S.C. § 1915(e), the Court will *sua sponte* review the sufficiency of the Complaint.

### I. DISCUSSION

### A. Pleading Requirements

    Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the

1

court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)).  A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. at 678 (further citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, for the proposition that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").  Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 Fed. Appx. 102, 104 (2d Cir. 2009).

### B. Allegations Contained in Plaintiff's Complaint

Plaintiff alleges that on May 5, 2016, she was approached by the Schenectady Police Department while she was picking up trash on streets near her home. Dkt. No. 1, Compl., p. 1.[1]  She alleges that she suffers from PTSD, and when the police approached, she ran towards her apartment door. *Id.* at p. 3.  The police threw her to the ground, handcuffed her, and put her in the back of the police car. *Id.*  Defendant McDonald, a Schenectady Police Officer, made a comment to Plaintiff that she was probably HIV or heroin infected. *Id.*  Plaintiff was left in the car for a long period of time, and she began to panic, wrapping her head and neck with seatbelts in the back of the car. *Id.* at p. 5.  Plaintiff had no criminal history and the police had no warrant, and they decided to commit her. *Id.*  They called an ambulance; while Plaintiff was handcuffed and strapped lying down in the ambulance, Defendant McDonald laid on top of her and choked her

---

[1] Page citations to the Complaint refer to the pagination generated by CM/ECF, the Court's electronic filing system.

three times, causing Plaintiff to believe he would kill her. *Id.* at pp. 5-7. The other officers did not harm Plaintiff, but stood by. *Id.* at p. 8. Plaintiff was then committed to Ellis Hospital after requesting to be brought to a different medical center. *Id.* Plaintiff alleges that she was then stalked, and her phone was tapped without a warrant. *Id.* at pp. 8-9. Plaintiff alleges that she has photos from the emergency room showing her injuries from these events, and that she is still under care for retraumatization. *Id.* at pp. 4 & 9.

The Complaint includes three causes of action: (1) Plaintiff was wrongfully handcuffed and thrown to the ground, and was injured by Defendant McDonald; (2) Plaintiff was verbally insulted, and accused of having heroin/hiv addiction/illnesses; and (3) Defendant McDonald laid on top of Plaintiff and choked her three times while she was strapped down and handcuffed. *Id.* at p. 4. Plaintiff is seeking anger/violence counseling for Officer McDonald, a reprimand, and monetary compensation. *Id.* at p. 7.

### C. Analysis

Construed liberally, Plaintiff asserts claims for false imprisonment, verbal harassment, and excessive force. Compl. at p. 4.

The elements of a false imprisonment claim are "(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Weyant v. Okst*, 101 F.3d 845, 853 (2d Cir. 1996). Accepting Plaintiff's allegations as true at this early stage of the litigation, she has sufficiently alleged that she was falsely imprisoned by Defendant McDonald, and that the unnamed EMT workers failed to intervene.

4

As for Plaintiff's excessive force claim, "[t]he Fourth Amendment protects individuals from the government's use of excessive force when detaining or arresting individuals." *Jones v. Parmley*, 465 F.3d 46, 61 (2d Cir. 2006). Plaintiff has sufficiently alleged facts for this claim to survive initial review. Plaintiff alleges that Defendant McDonald threw her to the ground, handcuffed her, and later choked her while she was strapped down. Compl. at pp. 3-7. Plaintiff alleges that the unnamed EMT workers stood by and watched while this occurred. *Id.* at pp. 5-8. Plaintiff has alleged sufficient facts for a claim of excessive force against Defendant McDonald and a failure to intervene claim against the two unnamed defendants.

As for Plaintiff's claim that she was verbally insulted, "[v]erbal harassment and name calling, absent physical injury, are not constitutional violations cognizable under Section 1983." *Banks v. Annucci*, 48 F. Supp.3d 394, 406 (N.D.N.Y. Sept. 30, 2014); *see also Johnson v. Eggersdorf*, 8 Fed. Appx. 140, 143 (2d Cir. 2001) (summary order) ("In this Circuit, allegations of verbal harassment are insufficient to base a § 1983 claim if no specific injury is alleged."). Plaintiff does not allege any physical injury directly related to the verbal harassment. The Court therefore recommends that this claim be dismissed.

"Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tomkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)). Because it may be possible for

5

Plaintiff to plead a cognizable claim regarding the verbal harassment, the Court recommends Plaintiff be given an opportunity to replead this cause of action.

As for the two John Doe Defendants, EMT 1 Male and EMT 2 Female, Plaintiff is advised that she must take reasonable steps to identify these defendants. Once Plaintiff identifies these defendants, she must then seek permission from the Court for leave to amend her Complaint in order to provide the name of the defendants such that the Court may amend the caption, replacing the unnamed defendants with the names provided by Plaintiff. A plaintiff's failure to identify a John Doe defendant within a reasonable time may result in the claims being dismissed against that defendant. *See, e.g.*, *A'Gard v. Locke*, 2016 WL 5137273 (N.D.N.Y. Sept. 21, 2016).

## II. CONCLUSION

Wherefore, it is hereby

**RECOMMENDED**, that Plaintiff's claims for false imprisonment and excessive force be permitted to proceed; and it is further

**RECOMMENDED**, that Plaintiff's claim regarding verbal harassment be dismissed for failure to state a claim but that Plaintiff be granted leave to replead this claim; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: May 29, 2019
　　　　Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).