UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

KATHLEEN A. VALENTI,

       Plaintiff,

 -against-           1:19-CV-0530 (LEK/DJS)

OFFICER MCDONALD, *et al.*,

       Defendants.

## DECISION AND ORDER

**I. INTRODUCTION**

This matter comes before the Court following a Report-Recommendation filed on May 29, 2019, by the Honorable Daniel J. Stewart, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3, Dkt. No. 5 ("Report-Recommendation"), concerning the sufficiency of Plaintiff's Complaint, Dkt. No. 1.

**II. LEGAL STANDARD**

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." § 636(b). However, "where [the] parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002); see also Thomas v. Arn, 474 U.S. 140, 150 (1985) (holding that Congress did not "intend[] to require

district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").

The Court may excuse a party's failure to object "in the interests of justice," and modify or reject the report-recommendation, if "the magistrate judge committed plain error in ruling against the defaulting party." Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 174 (2d Cir. 2000). Therefore, when no party objects to a magistrate judge's report-recommendation, courts in this circuit review it only to determine whether the magistrate judge made a clear error. Boice v. M+W U.S., Inc., 130 F. Supp. 3d 677, 684 (N.D.N.Y. 2015); see also Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

## III. DISCUSSION

No objections were filed in the allotted time period. Docket. Accordingly, the Court has reviewed the Report-Recommendation for clear error and has found none. The Court therefore adopts the Report-Recommendation in its entirety.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 5) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's claims for false imprisonment and excessive force is permitted to proceed; and it is further

**ORDERED,** that Plaintiff's claim regarding verbal harassment is dismissed for failure to state a claim but that plaintiff be granted leave to replead this claim within 30 days; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   July 01, 2019
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge